# **<u>EXHIBIT A</u>**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21143996**
**Date Processed: 02/19/2020**

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Danielle Lopez<br>Griselda Mejia<br>Carmen Solis<br>Debra Brake<br>Ruby Esquivel |

| | |
|---|---|
| **Entity:** | United Services Automobile Association<br>Entity ID Number  3692038 |
| **Entity Served:** | United Services.Automobile Association |
| **Title of Action:** | Kay Stephens vs. United Services Automobile Association |
| **Matter Name/ID:** | Kay Stephens vs. United Services Automobile Association (10034090) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Spokane County Superior Court, WA |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 02/18/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | WA Insurance Commissioner on 02/11/2020 |
| **How Served:** | Certified Mail |
| Sender Information: | Kirk D. Miller<br>509-413-1494 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**STATE OF WASHINGTON**



**MIKE KREIDLER**
STATE INSURANCE COMMISSIONER

www.insurance.wa.gov

**OFFICE OF**
**INSURANCE COMMISSIONER**

Certificate number **20369** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

| | |
|---|---|
| Date Service of Process Accepted: | 02/11/2020 |
| Certificate Issued: | 02/11/2020 |
| Issued By: | Schellie Schlesser |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70181130000183372784 |
| Service Requested Upon: | UNITED SERVICES AUTOMOBILE ASSOCIATION<br>MC – CSC1<br>300 Deschutes Way SW Suite 208<br>Tumwater, WA 98501 US |
| Authorized in Washington: | Yes |
| Attorney Details: | KIRK D MILLER<br>KIRK D MILLER PS<br>421 W RIVERSIDE AVE<br>SUITE 660<br>SPOKANE, WA 99201 US<br>509-495-1246<br>info@cameronsutherland.com |
| Case Number: | |
| Plaintiff: | KAY STEPHENS, an individual, and all others similarly situated, |
| Defendant: | UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, and CCC INFORMATION SERVICES, INC., a Delaware Corporation, |
| Documents: | SUMMONS<br>COMPLAINT - CLASS ACTION |
| Copies Sent To: | KIRK D MILLER<br>UNITED SERVICES AUTOMOBILE ASSOCIATION |

Insurance Commissioner

ACCEPTED SOP

FEB 1 1 2020

TIME: _Sam_

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

KAY STEPHENS, an individual, and all )
others similarly situated, )
) Case No.:
Plaintiff, )
) **SUMMONS**
vs. )
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, a Texas reciprocal inter- )
insurance exchange, and CCC )
INFORMATION SERVICES, INC., a )
Delaware Corporation, )
)
Defendants. )

**TO: THE CLERK OF THE COURT;**
**AND TO: UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant;**
**AND TO: CCC INFORMATION SERVICES, INC., Defendant**

A lawsuit has been started against you in the above-entitled court by KAY STEPHENS, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to this Complaint by stating your defenses in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons if served within the State of Washington, or within sixty (60) days after service, if served outside the State of Washington, excluding the date

SUMMONS - 1

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what he or she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this _4th_ day of February, 2020.

KIRK D. MILLER, P.S.

Kirk D. Miller, WSBA #40025
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

CAMERON SUTHERLAND, PLLC

Brian G. Cameron, WSBA #44905
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 315-4507
bcameron@cameronsutherland.com
*Attorneys for Plaintiff*

HOGUE LAW FIRM

Christopher M. Hogue, WSBA #48041
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 315-8390
chris@spokaneadvocate.com
*Attorney for Plaintiff*

SUMMONS - 2

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

Insurance Commissioner
**ACCEPTED SOP**

FEB 1 1 2020

TIME:_____

1

2

3

4

5

6

7    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE**

8

KAY STEPHENS, an individual, and all )
9    others similarly situated,                      )
                                                )    Case No.:
                                                )
            Plaintiff,                          )    **COMPLAINT – CLASS ACTION**
10                                              )
                                                )
11    vs.                                       )
                                                )
12    UNITED SERVICES AUTOMOBILE          )
      ASSOCIATION, a Texas reciprocal inter-    )
13    insurance exchange, and CCC              )
      INFORMATION SERVICES, INC., a       )
14    Delaware Corporation,                     )
                                                )
            Defendants.                         )
15    _____

16

17          COMES NOW, Plaintiff Kay Stephens, by and through her undersigned attorneys of

record, Kirk D. Miller of *Kirk D. Miller, P.S.*; Brian G. Cameron of *Cameron Sutherland, PLLC*
18
and Christopher M. Hogue of *Hogue Law Firm*, alleges and claims against the above-named
19
Defendants as follows:
20
                          I.    **INTRODUCTION**
21

22

23    COMPLAINT – CLASS ACTION - 1                              Kirk D. Miller, P.S.
                                                          421 W. Riverside Ave., Ste. 660
                                                                 Spokane, WA 99201
24                                                            TEL. 509-413-1494
                                                             FAX 509-413-1724

25

1       1.1.    This action arises from Defendant United Services Automobile Association's

2  ("USAA") systematic and extensive abuse of Washington law through its undervaluing and

3  underpaying of claims to thousands of Washington consumers in total loss vehicle situations.

4  USAA is an insurance company that is bound by law to process claims fairly and make their

5  insureds whole after an accident. Under Washington's Unfair Claims Settlement Practices

6  regulation, WAC 284-30-300 through 284-30-400, this means that USAA must pay the actual

7  cash value of the total loss vehicle and is required to itemize and explain any additions or

8  deductions to the consumer.

9       1.2    Instead of following Washington law, USAA systematically reduces claim values

10  in total loss vehicle situations by applying a uniform "condition adjustment" on comparable

11  vehicle values, which artificially and improperly reduces claim payments by hundreds or

12  thousands of dollars on each claim. These "condition adjustments" are arbitrary, unjustified,

13  unexplained, and un-itemized. USAA's systematic abuse of Washington laws and regulations

14  has harmed thousands of policyholders and consumers in the State of Washington, shortchanging

15  them out of what is likely to amount to millions of dollars.

16       1.3    Defendant CCC Information Services, Inc. ("CCC") prepares vehicle valuations

17  for USAA to use when they pay out total loss vehicle claims in Washington. CCC's vehicle

18  valuations are likewise required to comply with Washington laws and regulations. Instead, CCC

19  unlawfully conspires with USAA to undervalue total loss claims by furnishing arbitrary,

20  unjustified, unexplained, and un-itemized condition adjustments for use in the claims handling

21  process in Washington.

22

23  COMPLAINT – CLASS ACTION - 2

24

25

1   1.4 Plaintiff brings this class action on behalf of all of those insured under automobile

2 insurance policies issued in the State of Washington by USAA whose claim valuations were

3 based upon the values of comparable vehicles that were reduced by artificial, unexplained, and

4 un-itemized "condition adjustments" that were supplied by CCC.

5   1.5 Plaintiff seeks for herself and the class compensatory damages, treble damages,

6 attorney's fees and costs, as well as declaratory and injunctive relief.

7         **II. PARTIES**

8   2.1 Plaintiff Kay Stephens ("Stephens"), at all times material hereto, was a resident

9 of Spokane County, Washington.

10   2.2 At all times material hereto, Plaintiff Stephens was an insured under a policy of

11 automobile insurance with USAA that included coverage for the total loss of a vehicle.

12   2.3 Defendant USAA is a reciprocal interinsurance exchange and unincorporated

13 association organized under the laws of the state of Texas, having its principal place of business

14 in San Antonio, Texas.

15   2.4 Defendant USAA is licensed to and does sell insurance in the State of

16 Washington.

17   2.5 Defendant CCC is a Delaware corporation with its principal place of business in

18 Illinois.

19       **III. JURISDICTION AND VENUE**

20   3.1 This Court has personal jurisdiction over Plaintiff because Plaintiff consents to

21 this Court's jurisdiction.

22

23 COMPLAINT – CLASS ACTION - 3      Kirk D. Miller, P.S.
                421 W. Riverside Ave., Ste. 660

24                  Spokane, WA 99201
                  TEL. 509-413-1494
                  FAX 509-413-1724

25

1        3.2    This Court has personal jurisdiction over USAA because USAA is licensed and

2    authorized to do business in Washington and has transacted business in Washington.

3        3.3    This Court has personal jurisdiction over CCC because CCC has purposefully

4    directed its activities toward Washington by contracting to provide valuation services to

5    insurance carriers in Washington for use in settling and underpaying the total loss claims of

6    Washington insureds.

7        3.4    Venue is proper in Spokane County because this is the county in which Plaintiff's

8    insurance benefits were denied and the cause of action arose, and Plaintiff resides within the

9    jurisdiction of the Court.

10                        **IV.    FACTS**

11        4.1    Plaintiff repeats, reiterates and incorporates the allegations contained in

12    paragraphs 1.1 through 3.4 with the same force and effect as if the same were set forth at length

13    herein.

14        4.2    Defendant USAA is a Texas organization that sells automobile insurance policies

15    to consumers in the State of Washington like Plaintiff Stephens.

16        4.3    USAA's business model is to provide insurance to past and present military

17    members and their families.

18        4.4    Ms. Stephens is an Army veteran who has been a member with USAA for

19    approximately 38 years.

20        4.5    On its website, USAA promotes to the public that members, like Ms. Stephens,

21    who buy USAA insurance "become part of a family who stands by you during every stage of

22    your life".

23    COMPLAINT – CLASS ACTION - 4

                                    Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

24

25

1    4.6    But when Ms. Stephens and other USAA members needed USAA to stand by

2  them when their vehicles were totaled in car accidents, USAA abandoned those very same

3  members that they had promised to stand by.

4    4.7    Instead, USAA chose to place greater importance on profits than they did on the

5  value and well-being of their own members.

6    4.8    With Defendant CCC's assistance, USAA manipulated the numbers to

7  shortchange vulnerable Washington consumers, who were relying upon USAA to pay fair value

8  for their totaled vehicles so that they could buy a replacement vehicle.

9    4.9    CCC caters to the needs of insurance carriers like USAA, and as part of their

10  business provides vehicle valuation reports to insurance companies for total loss claim situations.

11    4.10    On its website, CCC recognizes that "[a]ccidents, especially those resulting in

12  total loss, can be traumatic for your customers [insureds]."

13    4.11    CCC promises that they give insureds "the confidence of knowing they're getting

14  a vehicle valuation based on verifiable data." They claim for insurers that their services will

15  "BOOST YOUR CUSTOMERS' CONFIDENCE". They also tout that they are a "trusted

16  solution".

17    4.12    Upon information and belief, pursuant to agreement, CCC provides USAA with

18  valuation reports for total loss vehicle situations.

19    4.13    These vehicle valuation reports apply arbitrary, unjustified, unexplained, and un-

20  itemized "condition adjustments" to the values of comparable vehicles in violation of

21  Washington laws and regulations.

22

23  COMPLAINT – CLASS ACTION - 5

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

4.14    USAA and CCC work in concert to create policies and provide lowball valuations that cheat Washington USAA insureds out of hundreds or thousands of dollars that they are entitled to.

**A.    USAA and CCC's Uniform "Condition Adjustments" Systematically Underpay Washington Consumers in Total Loss Vehicle Claims.**

4.15    WAC 284-30-300 through 284-30-400 define certain minimum standards which, if violated with such frequency as to indicate a general business practice, will be deemed to constitute unfair claims settlement practices. It is known as the "Unfair Claims Settlement Practices" regulation.

4.16    For total loss vehicle claims under these regulations, USAA must base any cash settlement offer on the "actual cash value of a comparable motor vehicle". WAC 284-30-391(2).

4.17    The "actual cash value" means the fair market value of the loss vehicle immediately prior to the loss. WAC 284-30-320(1).

4.18    In the event of a total loss situation, USAA promises in its policy to pay the insured the "actual cash value" at the time of loss.

4.19    For total loss claims, USAA must "[b]ase all offers on itemized and verifiable dollar amounts for vehicles that are currently available, or were available within ninety days of the date of loss, using appropriate deductions or additions for options, mileage, or condition when determining comparability." WAC 284-30-391(4)(b).

4.20    For total loss claims, "[a]ny additions or deductions from the actual cash value must be explained to the claimant and must be itemized showing specific dollar amounts". WAC 284-30-391(5)(d).

COMPLAINT – CLASS ACTION - 6

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

1    4.21    In all of these instances, USAA fails to offer and pay the actual cash value as

2    required by Washington law and regulations.

3    4.22    USAA bases its offers and payments on manipulated data and reports from CCC

4    that impose arbitrary and unexplained "condition adjustments" to artificially reduce the values of

5    comparable vehicles. This, in turn, artificially reduces the actual cash value that is offered or paid

6    out to the insured.

7    4.23    Upon information and belief, CCC and USAA collaborate in the creation of the

8    valuation report for each total loss vehicle.

9    4.24    Upon information and belief, for each total loss claim, USAA provides basic

10    information about the loss vehicle and its condition and configuration. CCC then populates the

11    report with prices of purportedly comparable vehicles it identified that recently sold or were for

12    sale in the geographic area of the insured, and then applies a downward condition adjustment to

13    the values of those comparable vehicles. CCC takes an active role in collecting valuation data on

14    comparable vehicles and then reducing those valuations to serve the economic interests of the

15    insurer. These reports and downward condition adjustments are arbitrary, unexplained,

16    unjustified, un-itemized, inconsistent, and contrary to Washington law.

17    4.25    Upon information and belief, USAA knew or should have known that CCC's

18    application of condition adjustments to the values of comparable vehicles did not comply with

19    Washington law and results in deception, delays, and underpayments of motor vehicle total loss

20    claims.

21    4.26    Upon information and belief, USAA verifies the results of some or all of CCC's

22    total loss valuations.

23    COMPLAINT – CLASS ACTION - 7

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

24

25

1    4.27    Upon information and belief, CCC is aware that its total loss valuation method

2    does not comply with Washington law. CCC designs its products and services to serve the needs

3    of the insurance industry nationwide. But the business of insurance is state specific, and

4    Washington's total loss vehicle regulations expressly require itemization and explanations of

5    condition adjustments. CCC furnishes the valuation reports to USAA anyway for use in

6    Washington in order to further the economic interests of USAA at the expense of their insureds.

7    4.28    USAA offers each insured a claim settlement equivalent to the valuation found in

8    the CCC valuation report.

9    4.29    Under Washington law, "[i]nsurers are responsible for the accuracy of evaluations

10    to determine actual cash value." WAC 284-30-380(7). Thus, USAA is responsible for the

11    accuracy of CCC's vehicle valuations and any falsities or misrepresentations therein.

12    4.30    The CCC valuation reports reduce the estimated values of comparable vehicles,

13    citing a "condition adjustment", but fail to itemize or explain the basis for these condition

14    adjustments. The condition adjustments are arbitrary and unjustified. Even though each

15    comparable vehicle obviously has unique characteristics, the reports reduce the value of multiple

16    comparable vehicles by the exact same amount, down to the last dollar, without any itemization

17    or explanation for the amount. These arbitrary reductions bear no relation to the actual fair

18    market value of the comparable vehicles or the loss vehicle.

19    **B.    USAA Underpaid the Total Loss Claim of Plaintiff Stephens.**

20    4.31    Plaintiff Stephens owned a 2006 Dodge Grand Caravan SXT that was damaged in

21    a motor vehicle accident on or about July 27, 2018 and determined to be a total loss.

22    4.32    Ms. Stephens made a claim with USAA for the total loss of her vehicle.

23    COMPLAINT – CLASS ACTION - 8

24

25

1    4.33    In the course of the settlement process of Ms. Stephen's total loss vehicle claim,

2  USAA provided Ms. Stephens with a couple of market valuation reports from CCC. USAA's

3  offers to Ms. Stephens were based upon these CCC valuation reports.

4    4.34    USAA first provided Ms. Stephens with a CCC valuation report that offered to

5  pay $2,293.28 for her totaled vehicle.

6    4.35    In the first CCC valuation report provided to Ms. Stephens, CCC listed the values

7  of two comparable vehicles. The first comparable vehicle was a 2006 Dodge Grand Caravan

8  SXT located in Deer Park, WA at the Parkway Auto Center dealership. The second comparable

9  vehicle was a 2006 Dodge Caravan SE located in Spokane, WA at the Auto Nation Honda

10  Spokane dealership. CCC's valuation report applied a negative uniform condition adjustment of

11  $771 to both comparable vehicles without itemizing or explaining the basis of the adjustment as

12  required by Washington law. The report reduced the amount of these comparable vehicles by

13  exactly the same amount, without any consideration and regardless of any individual differences

14  in the respective conditions of the vehicles.

15    4.36    USAA later provided Ms. Stephens with a second CCC valuation report that

16  offered to pay her $2,634.77 for the totaled vehicle.

17    4.37    In the second CCC valuation report provided to Ms. Stephens, CCC again listed

18  the values of two comparable vehicles. The first comparable vehicle was still the same 2006

19  Dodge Grand Caravan SXT located in Deer Park, WA at the Parkway Auto Center dealership.

20  The second comparable vehicle was different, however. The second comparable vehicle in this

21  second report was now a 2006 Dodge Grand Caravan SXT located in Kalispell, MT at the Green

22  Hyundai dealership. CCC's valuation report applied a negative uniform condition adjustment of

23  COMPLAINT – CLASS ACTION - 9

24

25

1    $793 to both comparable vehicles without itemizing or explaining the basis of the adjustment as

2    required by Washington law. This second report reduced the amount of these comparable

3    vehicles by exactly the same amount, regardless of any individual differences in the respective

4    conditions of the vehicles. These blanket adjustments were arbitrary and unjustified, and resulted

5    in an underpayment of $793 to Ms. Stephens.

6         4.38    Notably, both of the CCC reports provided to Ms. Stephens have the exact same

7    first comparable vehicle – the 2006 Dodge Grand Caravan in Deer Park, WA at the Parkway

8    Auto Center dealership. In the first report, CCC provides a negative condition adjustment of

9    $771 to this comparable vehicle. And in the second report, CCC provides a negative condition

10   adjustment of $793 for the exact same comparable vehicle. These different condition adjustments

11   for the exact same comparable vehicle further demonstrates that these adjustments are arbitrary,

12   unjustified, unexplained, un-itemized, and without basis under Washington law.

13        4.39    USAA tendered checks in the amount of $2,634.77 for the totaled vehicle despite

14   Ms. Stephen's dispute of her vehicle valuation. During this period, the checks expired and were

15   canceled.

16        4.40    USAA later reissued a check for the totaled vehicle in the amount of $2,365.52,

17   continuing its use of the negative condition adjustments of comparable vehicles and underpaying

18   Ms. Stephens.

19        4.41    USAA and CCC have acted with at least reckless disregard of the rights of others

20   by manipulating the numbers to settle total loss vehicle claims. USAA and CCC have devised

21   valuation methods that are unfair, misleading, inconsistent, and calculated to confuse and

22   deceive consumers in the settlement process.

23   COMPLAINT – CLASS ACTION - 10

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

24

25

4.42    USAA and CCC's practices have cost consumers millions of dollars in losses as their claims go underpaid. Meanwhile, USAA and CCC reap millions in wrongful profits by betraying the trust of USAA insureds.

## V.    CLASS ACTION ALLEGATIONS

5.1    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs 1.1 through 4.42 with the same force and effect as if the same were set forth at length herein.

5.2    Plaintiff brings all claims herein individually and as a class action (defined below) pursuant to Rule of Civil Procedure 23.

5.3    The class consists of:

> All individuals insured by USAA under a Washington private passenger vehicle policy who, from the earliest allowable time to the date of judgment, received a first-party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment".

5.4    While the exact number of members cannot yet be determined, the class consists at minimum of hundreds or thousands of persons located throughout the State of Washington. The members of the class are therefore so numerous that joinder of all members is impracticable. The exact number of class members can readily be determined by documents produced by the Defendants.

5.5    There are questions of fact and law common to the class, including the following:

> i.    Whether the Defendants applied arbitrary, unexplained, or unitemized condition adjustments to comparable vehicles to calculate the value of loss vehicles;
>
> ii.    Whether, through the foregoing practice, USAA breached its contracts with its insureds;

COMPLAINT – CLASS ACTION - 11

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

iii.   Whether, through the foregoing practice, USAA committed a breach of the common law duty of good faith and fair dealing;

iv.   Whether, through the foregoing practice, USAA violated the Insurance Fair Conduct Act, RCW 48.30.010, *et seq.*;

v.   Whether, through the foregoing practice, USAA violated provisions of the Unfair Claims Settlement Practices regulation, WAC 284-30-300 through 284-30-400;

vi.   Whether, through the foregoing practice, Defendants violated the Consumer Protection Act, RCW 19.86, *et seq.*;

vii.   Whether, through the foregoing practice, CCC negligently supplied information for the guidance of others;

viii.   Whether, through the foregoing practice, CCC entered into an unlawful conspiracy with USAA;

ix.   Whether Defendants' use of improper condition adjustments to value loss vehicles caused injury to Plaintiff and the class;

x.   Whether Defendants' actions were unreasonable, frivolous, or unfounded;

xi.   Whether Defendants' actions were reckless, malicious, or willful;

xii.   Whether Plaintiff and the class are entitled to an award of compensatory damages;

xiii.   Whether Plaintiff and the class are entitled to an award of treble damages;

xiv.   Whether Plaintiff and the class are entitled to an award of attorney's fees and costs;

xv.   Whether Plaintiff and the class are entitled to declaratory and injunctive relief.

5.6   Plaintiff has the same claims as the members of the class. All of the claims are based upon the same factual and legal theories.

COMPLAINT – CLASS ACTION - 12

1       5.7     Plaintiff will fairly and adequately represent the interests of the class members.

2   She is committed to vigorously litigating this matter.

3       5.8     Neither Plaintiff nor her counsel have any interests that might cause them not to

4   vigorously pursue this claim.

5       5.9     A class action is a superior method for the fair and efficient adjudication of this

6   controversy.

7       5.10    Class-wide declaratory and injunctive relief is essential to induce Defendants to

8   comply with the law.

9       5.11    The interest of the class members in individually controlling the presentation of

10  separate claims against Defendants is small because of the time and expense necessary to

11  conduct such litigation, the complexity of the litigation, and the relatively small amount of relief

12  available to each member of the class.

13      5.12    Certification of a class is appropriate. A class action is the only appropriate means

14  of resolving this controversy because the class members are not aware of their rights, and the

15  class is comprised of a largely vulnerable population. In the absence of a class action, a failure of

16  justice will result.

17                       **VI.    CAUSES OF ACTION**

18                       **FIRST CAUSE OF ACTION**
                  **(Beach of Contract – Defendant USAA)**
19

20      6.1     Plaintiff repeats, reiterates and incorporates the allegations contained in

21  paragraphs 1.1 through 5.12 with the same force and effect as if the same were set forth at length

    herein.
22

23  COMPLAINT – CLASS ACTION - 13                              Kirk D. Miller, P.S.
                                                          421 W. Riverside Ave., Ste. 660
24                                                              Spokane, WA 99201
                                                              TEL. 509-413-1494
                                                              FAX 509-413-1724
25

6.2     USAA's insurance contract provides for payment of the "actual cash value" of a vehicle that is deemed a total loss.

6.3     USAA has materially breached its contracts with its policyholders by not offering to settle and by not settling claims based upon the actual cash value of loss vehicles. USAA departed from the use of actual cash values by basing their valuation and payment of the claim on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

6.4     USAA's numerous breaches have resulted in a systematic failure to pay the actual cash value of total loss vehicles as required by contract.

6.5     As a result of USAA's breaches and violations, Plaintiff and class members have been damaged.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing – Defendant USAA)**

6.6     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

6.7     USAA owed Plaintiff and class members, as their insureds, a duty of good faith and fair dealing at all times during the existence of the insurance contract and while providing automobile insurance coverage, including when handling total loss claims for their insureds.

6.8     USAA purposefully, in bad faith and without regard to the rights of Plaintiff and the class, failed to pay the actual cash value of total loss vehicles. USAA's actions breached the insurance contract and were unreasonable, frivolous, and unfounded.

COMPLAINT – CLASS ACTION - 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

6.9     USAA's unfair acts and/or acts of bad faith include basing their valuation and payment of claims on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

6.10     USAA breached the covenant of good faith and fair dealing with the aforementioned conduct.

6.11     As a result of USAA's breach of the obligation of good faith and fair dealing, Plaintiff and class members have been damaged.

### THIRD CAUSE OF ACTION
**(Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*- All Defendants)**

6.12     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

6.13     Defendants' actions complained of herein are unfair or deceptive acts or practices in the conduct of trade or commerce under the Washington State Consumer Protection Act.

6.14     Defendants unreasonably denied payment of benefits to Plaintiff and the class and knowingly misrepresented the basis for their total loss valuations.

6.15     USAA failed to adopt and implement reasonable standards for the investigation of claims. USAA failed to conduct a reasonable investigation regarding their claims payments. USAA made false representations as to the characteristics and benefits of their total loss coverage and insurance policies and represented that they were of a particular standard, quality, or grade while knowing they were not.

6.16     CCC intentionally or negligently supplied false and misleading valuation data to USAA for the guidance of USAA and their insureds in the settlement of total loss claims,

COMPLAINT – CLASS ACTION - 15

1  knowing the information would be used for this purpose and that the insureds would see and rely

2  on CCC's comparables. CCC's recommended comparable valuations were false because they

3  included condition adjustments to the values of comparable vehicles that were unjustified,

4  arbitrary, un-itemized, and unexplained. These adjustments were false with no basis in fact

5  and/or resulted in false statements of value of the loss vehicle because they are contrary to

6  Washington law and should not have been applied. USAA provided and based offers on these

7  CCC reports to its insureds and is likewise responsible for the accuracy of the evaluations and

8  the unjustified, arbitrary, un-itemized, and unexplained condition adjustments that resulted.

9      6.17    Defendants' aforementioned conduct continues to occur in the course of their

10  business. Defendants' conduct is part of a general course of conduct repeated on thousands of

11  occasions, and thus has a significant impact on the public interest. Defendants' conduct injured

12  many persons, and Defendants' ongoing conduct has the capacity to continue to injure other

13  persons.

14      6.18    Defendants were engaged in the business of insurance, which affects the public

15  interest pursuant to RCW 48.01.030.

16      6.19    As a result of Defendants' actions, Plaintiff and class members suffered damages

17  or injury to their property or business.

18  **FOURTH CAUSE OF ACTION**
**(Civil Conspiracy - All Defendants)**

19

20      6.20    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth

   herein.

21

22

23  COMPLAINT – CLASS ACTION - 16

24

25

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

6.21    As alleged above, USAA and CCC have agreements under which CCC furnishes USAA with valuation reports that undervalue total loss claims by applying arbitrary, unjustified, unexplained, and un-itemized condition adjustments to the values of comparable vehicles. The use of these valuation reports to process and underpay claims violates USAA's contracts with its insureds as well as RCW 19.86, *et seq.*

6.22    The agreements between USAA and CCC constitute an agreement to accomplish an unlawful purpose, to wit, the breach of the insurance contracts (including provisions of Washington law that dictate the method by which total loss claims are valued) and Washington's prohibitions of unfair and deceptive claims handling practices. The agreements between USAA and CCC therefore constitute a civil conspiracy under Washington law.

6.23    As a result of Defendants' actions, Plaintiff and class members incurred damages.

**FIFTH CAUSE OF ACTION**
**(Declaratory and Injunctive Relief - All Defendants)**

6.24    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

6.25    Plaintiff brings this cause of action for herself and the class seeking a declaration that, for those who maintain an auto insurance policy with USAA, it is a violation of Washington law and the insurance contract for all Defendants to base their valuation and/or payment of claims on values of comparable vehicles that have been artificially reduced by an arbitrary and unjustified "condition adjustment" that is not itemized or explained.

COMPLAINT – CLASS ACTION - 17

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509-413-1494
FAX 509-413-1724

1    6.26    This Court has the power to declare the rights of said USAA policyholders and

2    those who would be insured under such policies and who may suffer similar losses in the future,

3    as well as those who have suffered valuation-related losses.

4    6.27    Plaintiff, for herself and on behalf of the class, seeks a declaration of rights under

5    the USAA policy, and seeks a declaration of the rights and liabilities of the parties herein.

6    6.28    With respect to Defendants' continuing unlawful practices, Plaintiff has no plain,

7    speedy, or adequate remedy at law, the interests of the parties favor an injunction, and an

8    injunction is in the public interest. Plaintiff therefore seeks an order permanently enjoining all

9    Defendants from basing their valuations and/or payments of claims on values of comparable

10    vehicles that have been artificially reduced by an arbitrary and unjustified "condition

11    adjustment" that is not itemized or explained.

12    ## VII.    RELIEF REQUESTED

13    WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

14    1.    Certification of the above-defined class;

15    2.    Appointment of Plaintiff as class representative and appointing the undersigned

16    counsel to represent the class;

17    3.    Declaratory and injunctive relief, including an injunction requiring Defendants to

18    cease and desist from basing their valuation and payments of total loss vehicle claims on values

19    of comparable vehicles that have been artificially reduced by an arbitrary and unjustified

20    "condition adjustment" that is not itemized or explained;

21    4.    For compensatory damages in an amount to be proven at trial;

22

23    COMPLAINT – CLASS ACTION - 18

24

25

1    5.    For treble damages for Plaintiff and for each class member's damages pursuant to

2   RCW 19.86, *et seq.*;

3    6.    For reasonable attorney's fees and costs pursuant to RCW 19.86, *et seq.*, as

4   otherwise provided by law, and/or as would be reasonable from any recovery of monies

5   recovered for or benefits bestowed upon the class;

6    7.    For interest on the above amounts as authorized by law; and

7    8.    For such other relief as the Court deems just and equitable.

9   DATED this ____ day of February, 2020.

10   KIRK D. MILLER, P.S.

12   Kirk D. Miller, WSBA #40025
     Attorney for Plaintiff

14   HOGUE LAW FIRM

16   Christopher M. Hogue, WSBA #48041
     Attorney for Plaintiff

18   CAMERON SUTHERLAND, PLLC

20   Brian G. Cameron, WSBA #44905
     Attorney for Plaintiff

23   COMPLAINT – CLASS ACTION - 19

     Kirk D. Miller, P.S.
     421 W. Riverside Ave., Ste. 660
     Spokane, WA 99201
     TEL. 509-413-1494
     FAX 509-413-1724



**OFFICE OF THE INSURANCE COMMISSIONER**

PO Box 40255
Olympia, WA 98504-0255



7018 1130 0001 8337 2784

FIRST CLASS

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 98501    $ 005.35⁰
02 4W
0000354556 FEB. 1 1. 2020.

UNITED SERVICES AUTOMOBILE ASSOCIAT
MC – CSC1
300 DESCHUTES WAY SW SUITE 208
TUMWATER WA  98501