UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY STEPHENS, an individual, and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal insurance exchange, and CCC INFORMATION SERVICES INC., a Delaware Corporation,<br><br>                Defendants. | NO. 2:20-CV-0097-TOR<br><br>ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL |

BEFORE THE COURT are Defendants' Motions to Stay the Case and Compel Appraisal (ECF Nos. 24, 26). These matters were heard with oral argument on June 2, 2020. Christopher M. Hogue, Kirk D. Miller and Brian G. Cameron appeared on behalf of Plaintiff. Rodger L. Eckelberry and James R. Morrison appeared on behalf of Defendant United Services Automobile Association ("USAA"). Marguerite M. Sullivan, George C. Chipev and Kathleen

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 1

M. O'Sullivan appeared on behalf of Defendant CCC Information Services Inc. ("CCC"). The Court has reviewed the record and files herein and considered the parties' oral arguments, and is fully informed. For the reasons discussed below, the Court partially grants USAA's Motion (EF No. 24) and denies as moot CCC's Motion (ECF No. 26).

## BACKGROUND

This case concerns Plaintiff's allegations, on behalf of herself and a proposed class of Washington personal vehicle policyholders, that USAA systemically undervalues its customers' total vehicle loss claims by relying on CCC valuation reports, which Plaintiff alleges unlawfully apply an un-itemized negative vehicle condition adjustment when calculating vehicle value. ECF No. 1-2 at 2-3, ¶¶ 1.1-1.5.

### A. Factual Background

The following facts are taken from the Complaint and USAA's Motion to Stay and are not in dispute for the purposes of the current pending motions.

Plaintiff owned a 2006 Dodge Grand Caravan SXT which was insured by USAA. ECF No. 1-2 at 8, ¶ 4.31; ECF No. 24 at 3. Plaintiff's vehicle was wrecked in an accident on July 27, 2018 and was determined to be a total loss. *Id.* Under Plaintiff's policy, USAA's liability was limited to the actual cash value of Plaintiff's vehicle. ECF No. 24 at 3. USAA responded to Plaintiff's total loss

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 2

1  claim by providing Plaintiff with a CCC valuation report, which assessed the value

2  of Plaintiff's vehicle based on two vehicles comparable to Plaintiff's vehicle.  ECF

3  No. 24 at 3.  This report applied a $771 negative condition adjustment to both

4  comparable vehicles.  ECF No. 1-2 at 9, ¶ 4.35.  Based on the actual cash value

5  calculated in the CCC report, USAA offered to pay Plaintiff $2,293.28.  ECF No.

6  1-2 at 9, ¶ 4.34; ECF No. 24 at 3-4.  USAA then provided Plaintiff with a second

7  CCC report, which calculated the actual cash value of Plaintiff's van at $2,634.77.

8  ECF No. 1-2 at 10, ¶ 4.36; ECF No. 24 at 4.  This second CCC report applied a

9  $793 negative condition adjustment to both comparable vehicles.  ECF No. 1-2 at

10  9-10, ¶ 4.37.  On January 16, 2020, USAA tendered a check to Plaintiff.  ECF Nos.

11  24 at 4, 24-1 at 39.  Plaintiff contends USAA undervalued her claim by $793, the

12  amount reflected in the condition adjustment.  ECF No. 27 at 5.

13  Plaintiff's USAA policy contains an appraisal provision which states:

> If we and you do not agree on the amount of loss, either may demand an appraisal.  In this event, each party will select a competent appraiser.  The two appraisers will select an umpire.  The appraisers will state separately the actual cash value and the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will pay its chosen appraiser and share the expenses of the umpire equally.  Neither we nor you waive any rights under this policy by agreeing to an appraisal.

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 3

ECF No. 24 at 4-5.  Plaintiff's USAA policy also states, "No legal action may be brought against us until there has been full compliance with all the terms of this policy."  ECF No. 24 at 5.

### B. Procedural Background

On February 11, 2020, Plaintiff commenced this action in Spokane County Superior Court.  ECF No. 1 at 2; ECF No. 1-2.  On March 11, 2020, USAA removed the case to federal court.  ECF No. 1.  On April 7, 2020, USAA filed the instant Motion to Stay Case and Compel Appraisal.  ECF No. 24.  On April 8, 2020, CCC filed its own Motion to Stay Case and Compel Appraisal.  ECF No. 26.  Plaintiff responded to each motion separately, ECF Nos. 27 and 28, and Defendants timely replied, ECF Nos. 35, 36.  Plaintiff was granted permission to file and timely filed a sur-reply.  ECF No. 37.

## DISCUSSION

### A. Motion to Compel Appraisal

USAA and CCC each move this Court to compel Plaintiff to submit to an appraisal in compliance with the terms of her USAA policy.  ECF No. 24 at 2-3; ECF No. 26 at 5.  Plaintiff opposes both motions on the grounds that the appraisal provision does not apply to the circumstances of this case, the provision is prohibited by law, and the right to appraisal is not enforceable by these Defendants.  ECF No. 27 at 5-11; ECF No. 28 at 2.

Defendants' request to compel an appraisal requires the Court to interpret the terms of Plaintiff's USAA policy. "Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law."[1] *Collazo v. Balboa Ins. Co.*, No. C13-0892-JCC, 2014 WL 12042560, at *2 (W.D. Wash. May 1, 2014) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). "In Washington, insurance policies are construed as contracts." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash. 2d 654, 665 (2000).

*1. Appraisal Clause Applicability*

Defendants seek to enforce the appraisal clause of Plaintiff's USAA policy by characterizing Plaintiff's present suit as a dispute over the value of Plaintiff's vehicle. ECF No. 24 at 7-9; ECF No. 26 at 5-6. Plaintiff opposes Defendants' motions on the grounds that an appraisal would be "useless" because this case concerns unlawful insurance practices rather than the value of Plaintiff's vehicle. ECF No. 27 at 7-9. The parties' dispute here is fundamentally a dispute over the nature of this suit and whether the policy language applies.

A court may decline a motion to compel an appraisal where the appraisal would be useless. *Mercer Intern., Inc. v. U.S. Fidelity and Guar. Co.*, 938 F. Supp.

---

[1] Accordingly, the parties' extensive reliance on federal cases applying the substantive law of other jurisdictions is not persuasive here.

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 5

680, 683 (W.D. Wash. 1996); *Nat'l Fire Ins. Co. of Hartford v. Solomon*, 96 Wash. 2d 763, 771-72 (1982).  Plaintiff argues that an appraisal would be useless because this case concerns alleged violations of regulatory disclosure requirements through application of the un-itemized "condition adjustment," rather than a dispute over the relative value of Plaintiff's vehicle.  ECF No. 27 at 8.  However, this blanket argument is inconsistent with different claims asserted in the Complaint.

It is true that Plaintiff asserts causes of action for violation of the Washington Consumer Protection Act ("CPA") and civil conspiracy, which allege injury outside of the four corners of the insurance contract caused by the practice of applying un-itemized negative condition adjustments to total loss claims.  ECF No. 1-2 at 14-17, ¶¶ 6.6-6.23.  These claims, as Plaintiff asserts, concern alleged regulatory violations.  However, Plaintiff also raises a breach of contract claim, which alleges that Plaintiff's insurance contract with USAA requires payment of the actual cash value of a total loss vehicle, and that USAA breached this requirement by applying a negative condition adjustment to her total loss claim that does not reflect the true actual cash value of the vehicle.  ECF No. 1-2 at 13-14, ¶¶ 6.1-6.5.  Similarly, Plaintiff's insurance bad faith tort claim alleges USAA failed to pay the actual cash value of Plaintiff's vehicle.  ECF No. 1-2 at 14, ¶ 6.8.  These causes of action directly involve the actual cash value of Plaintiff's vehicle.  Since the Parties dispute the dollar amount of the actual cash value of Plaintiff's

vehicle, an appraisal here would not be useless as to these two claims. The claims raised here fall within the scope of the appraisal clause of the policy, so an appraisal of Plaintiff's vehicle is appropriate.

  2. *Appraisal Clause Enforceability*

Plaintiff opposes appraisal on the grounds that the appraisal clause of her USAA policy constitutes an unlawful binding arbitration agreement and is therefore unenforceable. ECF No. 27 at 9-11.

"Washington law is generally supportive of appraisal provisions in insurance policies." *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 2533286, at *3 (W.D. Wash. June 5, 2014). "An appraisal provision provides a method for establishing the dollar value of damage sustained. Such a provision is justified in the expectation that it will provide a plain, inexpensive and speedy determination of the extent of the loss." *Keesling v. W. Fire Ins. Co. of Fort Scott, Kansas*, 10 Wash. App. 841, 845 (1974). However, Washington law prohibits the use of binding arbitration agreements in insurance contracts. *State, Dept. of Transp. v. James River Ins. Co.*, 176 Wash. 2d 390, 400 (2013); R.C.W. 48.18.200(1)(b) ("[N]o insurance contract … shall contain any condition … depriving the courts of this state of the jurisdiction of action against the insurer."). In prior cases, courts have considered the language of insurance policy appraisal

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 7

clauses to determine whether they operate as an unlawful binding arbitration agreement.

In *Keesling*, the court considered an appraisal clause similar to the one in Plaintiff's USAA policy, which stated in relevant part that, "[a]n award in writing, so itemized, of any two [of two appraisers and an umpire] when filed with this Company shall determine the amount of actual cash value and loss." *Keesling*, 10 Wash. App. at 842. The court found that this did not constitute an arbitration agreement because "the provision is not self-executing" and "[t]he authority and control over the ultimate disposition of the subject matter [of the insurance dispute] remains with the courts." *Id.* at 845.

Recently, in this District, an appraisal provision was found to be invalid for raising the "specter of binding arbitration." *GB Auctions Inc. v. Old Republic Ins. Co.*, 357 F. Supp. 3d 1087, 1092 (E.D. Wash. 2019). In *GB Auctions*, the insurance policy appraisal clause set forth a procedure by which "to settle the disagreement" in the event that the parties disagreed over the amount of loss. *Id.* at 1089. The court reasoned that this provision did deprive the courts of jurisdiction over the insurance dispute because the language was self-executing and "establishes a mandatory settlement procedure that is triggered when a disagreement arises over the amount of loss, that decisively ends the dispute while

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 8

1  foreclosing state courts' authority and control over its ultimate disposition, and that

2  functions as a prerequisite to any possible legal action in state courts." *Id.* at 1092.

3      Plaintiff's USAA policy appraisal clause language is more akin to that in

4  *Keesling* than *GB Auctions*. Plaintiff's appraisal clause is triggered in the event

5  that the parties disagree on the amount of loss and binds the parties to a consensus

6  agreement among the appraisers as to the actual cash value and the amount of loss

7  at issue in the claim. ECF No. 24-1 at 85. It contains no express provision for

8  binding arbitration, as was the case in *James River*. 176 Wash. 2d at 393. Unlike

9  *GB Auctions*, it contains no self-executing language that triggers a mandatory

10 settlement of the claim after the appraisal is finished. 357 F. Supp. 3d at 1092.

11 Here, the parties are only bound by the appraisers' determination of the dollar

12 value of the claim. ECF No. 24-1 at 85. This process may establish the amount of

13 damages at issue, but damages are only one element of many in the several claims

14 Plaintiff raises in her Complaint. Nothing in the appraisal clause deprives this

15 Court of "authority and control over the ultimate disposition" of Plaintiff's case,

16 particularly the CPA claim concerning conduct occurring beyond the four corners

17 of the insurance policy. *Keesling*, 10 Wash. App. at 845. As such, the appraisal

18 clause of Plaintiff's USAA policy does not operate as a binding arbitration

19 agreement and is not prohibited by law.

20

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 9

*3. Defendants' Enforcement of Appraisal Clause*

Plaintiff argues that neither Defendant is able to enforce the appraisal clause of her USAA policy against her. ECF No. 27 at 11; ECF No. 28 at 4-11.

    *a. USAA*

Plaintiff contends USAA has waived its right to invoke the appraisal clause by unreasonably delaying its appraisal request. ECF No. 28 at 4-9. "When a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss." *Keesling*, 10 Wash. App. at 849. "Whether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case," considering two principal factors of "prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss." *Id.*

First, Plaintiff contends she has been prejudiced by USAA's delay in invoking the appraisal clause because she has continued to drive her vehicle since the date of loss, resulting in ongoing deterioration of the vehicle which would negatively influence a current appraisal. ECF No. 28 at 5-6. However, USAA responds that the parties may submit to a "desktop appraisal" using evidence that was already generated as a part of Plaintiff's total loss claim, so the current

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 10

condition of Plaintiff's vehicle would not impact the appraisal process. ECF No. 35 at 14-15. Utilizing this procedure, Plaintiff would suffer no prejudice from the delay in invoking the appraisal.

Second, Plaintiff argues that USAA's delay of 19 months after the date of loss to invoke the appraisal clause is unreasonable given Plaintiff's rejection of USAA's settlement offer within two months of the accident date. ECF No. 28 at 6-8. However, USAA responds with records of Plaintiff's communication history with USAA, demonstrating that the parties have engaged in ongoing negotiations over the amount of loss up until Plaintiff commenced the instant lawsuit. ECF No. 35-1. USAA's Motion to Compel Appraisal was filed within two months of Plaintiff's commencement of this action and within one month of this case's removal to federal court. *Compare* ECF No. 1 *with* ECF No. 24. Given this communication history, the breakdown of good-faith negotiations in this matter is reasonably measured from the date this suit commenced rather than the date of loss.

Considering the circumstances of this case, USAA's invocation of the appraisal provision was done within a reasonable amount of time. USAA has not waived its right to invoke the appraisal provision of Plaintiff's insurance policy. USAA is able to enforce the appraisal clause, so USAA's Motion to Compel Appraisal is granted.

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 11

    *b.*   CCC

  Plaintiff contends CCC has no authority to invoke the appraisal clause because it is not a party to Plaintiff's insurance contract with USAA. ECF No. 28 at 9-11. Plaintiff's insurance policy is a contract between Plaintiff and USAA only. *See* ECF No. 24-1 at 67. CCC asserts it is entitled to enforce the appraisal provision through the doctrine of equitable estoppel. ECF No. 26 at 10-13. The Court declines to address the parties' equitable estoppel arguments. Any such power CCC may have to compel Plaintiff to submit to appraisal is duplicative of USAA's right. Because the Court has already determined that USAA is able to enforce the appraisal provision in its contract with Plaintiff, CCC's request to do the same is moot.

**B. Motion to Stay**

  Having granted USAA's Motion to Compel Appraisal, the Court considers USAA's related request to stay the case while the appraisal is pending. "District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, 568 U.S. 57, 73 (2013) (citation omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In considering whether to grant a discretionary

stay, the district court must weigh "the competing interests which will be affected by the granting or refusal to grant" the stay, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of [case issues]." *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, a stay is unnecessary at this time. This case is at an early stage of proceedings. No Scheduling Order has been entered and the parties are not yet permitted to seek discovery. Fed. R. Civ. P. 26(d)(1). The appraisal could easily be completed during the normal course of discovery. This procedure would be particularly appropriate given USAA's representation that an appraisal in this case would consist of a "desktop appraisal" of evidence that has already been generated in the course of Plaintiff's total loss insurance claim. ECF No. 35 at 14-15. Conducting the appraisal during the discovery process would allow the parties to obtain the appraisal results without causing unnecessary case delays. Accordingly, the Court declines to exercise its discretion to enter a stay in this case at this time.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant USAA's Motion to Stay the Case and Compel Appraisal (ECF No. 24) is **GRANTED in part**. The request for a stay is denied.

Plaintiff shall submit to the appraisal process during the normal course of discovery.

2. Defendant CCC's Motion to Stay the Case and Compel Appraisal (ECF No. 26) is **DENIED as moot**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 4, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER ON DEFENDANTS' MOTIONS TO STAY CASE AND COMPEL APPRAISAL ~ 14