UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY STEPHENS, an individual, and all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal insurance exchange, and CCC INFORMATION SERVICES INC., a Delaware corporation,<br><br>                Defendant. | NO. 2:20-CV-0097-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 42). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. There is no reason to wait for further briefing. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 42) is DENIED.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

# BACKGROUND

This case concerns Plaintiff's allegations, on behalf of herself and a proposed class of Washington personal vehicle policyholders, that USAA systemically undervalues its customers' total vehicle loss claims by relying on CCC valuation reports, which Plaintiff alleges unlawfully apply an un-itemized negative vehicle condition adjustment when calculating vehicle value. ECF No. 1-2 at 2-3, ¶¶ 1.1-1.5. The factual background is summarized in the Court's prior Order at ECF No. 40.

On April 7 and 8, 2020, Defendants USAA and CCC each filed motions to stay this case and compel Plaintiff to submit to an appraisal of her vehicle. ECF Nos. 24, 26. On June 2, 2020, the Court heard argument on these motions. ECF No. 39. On June 4, 2020, the Court partially granted Defendant USAA's motion, denied Defendant CCC's motion as moot, and ordered Plaintiff to submit to an appraisal during the normal course of discovery. ECF No. 40. On June 19, 2020, Plaintiff filed the instant motion for reconsideration. ECF No. 42.

# DISCUSSION

**A. Reconsideration Standard**

Plaintiff's motion does not identify the legal authority under which she seeks reconsideration. ECF No. 42. Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final order. An order that resolves fewer than all the

claims among the parties – that is, a non-final order – "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter, or revoke" its order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

As a rule, a court should be "loathe" to revisit its own decisions "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citation omitted). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). While the district court possesses inherent power to reconsider and amend previous orders, this is an extraordinary remedy that should be used sparingly in the interests of finality and conservation of judicial resources.

B. Plaintiff's Arguments for Reconsideration

Plaintiff's Motion for Reconsideration raises three interrelated arguments: (1) the Court did not adequately consider the technical meaning of "actual cash

value" in its prior Order; (2) the Court should have adopted the reasoning of the *Stanizky* court in the Western District of Washington; and (3) the Court's Order violates public policy. ECF No. 42 at 2-8. As the Court already articulated at oral argument and in its written Order, Plaintiff's arguments are based on a characterization of her claims that differs from Plaintiff's claims as they are written in her Complaint.

First, Plaintiff contends the Court "may not have recognized" the regulatory definition of the term "actual cash value." ECF No. 42 at 2. Indeed, the Court was aware of the term and the prior Order is consistent with the regulatory definition. Washington insurance regulations define "actual cash value" as "the fair market value of the loss vehicle immediately prior to the loss." WAC 284-30-320(1). The Court found that the appraisal clause in Plaintiff's insurance contract was enforceable under her breach of contract claim because the breach of contract claim, as pled in Plaintiff's Complaint, is fundamentally a dispute over the dollar amount of the actual cash value of Plaintiff's vehicle, or the "fair market value" of Plaintiff's vehicle prior to the loss. ECF No. 40 at 6-7. The Court's Order is not inconsistent with the regulatory definition of "actual cash value."

Second, Plaintiff argues this Court should have adopted the *Stanizky* court's rationale in denying a similar motion to compel appraisal in the Western District of Washington. ECF No. 42 at 3-4. As the Court already explained at oral argument,

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

the breach of contract claim in *Stanizky* is fundamentally different from the one pled in Plaintiff's Complaint.  The alleged breach in *Stanizky* is a "failure to adjust and pay [plaintiffs'] total loss claims pursuant to the criteria set forth in § 391 for adjustment of total loss claims."  No. 2:20-cv-0118-BJR, ECF No. 3 at 19, ¶ 6.3 (W.D. Wash. Feb. 3, 2020).  By contrast, the alleged breach in Plaintiff's Complaint is "not offering to settle and by not settling claims based on the actual cash value of loss vehicles."  ECF No. 1-2 at 14, ¶ 6.3.  While the *Stanizky* complaint alleges a breach of contract over the defendant's failure to comply with regulatory requirements, the plain text of Plaintiff's Complaint alleges a breach of contract over Defendants' failure to settle claims based on the actual cash value, an anticipated dollar amount, of Plaintiff's vehicle.  Unlike *Stanizky*, Plaintiff has pled a claim that makes the issue "the insurer's valuation of the loss," which triggers application of the appraisal provision of Plaintiff's insurance policy.  ECF No. 40 at 6-7.  Plaintiff's present characterization of her breach of contract claim cannot override the language of her own Complaint.  ECF No. 42 at 3-4.  Contrary to Plaintiff's assertion, this Court has not "created a conflict between federal authorities interpreting Washington law" because this case is distinguishable from *Stanizky*.

      Finally, Plaintiff argues that compelling Plaintiff to submit to an appraisal operates against the public interest and is inconsistent with Washington's policy of

protecting insureds.  ECF No. 42 at 4-8.  Again, Plaintiff's concerns may be traced to the language of her own Complaint.  Some of Plaintiff's claims allege an insurance regulatory violation, and the Court previously found that those claims do not hinge on a dollar amount of "actual cash value" and do not trigger application of the appraisal clause.  ECF No. 40 at 6.  Where Plaintiff's claims allege a failure to pay actual cash value, however, those claims do raise questions of the dollar amount of the actual cash value, and thus trigger the appraisal clause.  Plaintiff does not identify clear error or manifest injustice in the Court's prior Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 42) is DENIED.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** June 24, 2020.



THOMAS O. RICE
Chief United States District Judge