UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY STEPHENS, an individual, and all other similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal insurance exchange, and CCC INFORMATION SERVICES, INC., a Delaware corporation,<br><br>      Defendants. | NO. 2:20-CV-0097-TOR<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION |

  BEFORE THE COURT is Plaintiff's Second Motion for Reconsideration (ECF No. 50). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Second Motion for Reconsideration (ECF No. 50) is **DENIED**.

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION ~ 1

# BACKGROUND

This case concerns Plaintiff's allegations, on behalf of herself and a proposed class of Washington personal vehicle policyholders, that USAA systemically undervalues its customers' total vehicle loss claims by relying on CCC valuation reports, which Plaintiff alleges unlawfully apply an un-itemized negative vehicle condition adjustment when calculating vehicle value. ECF No. 1-2 at 2-3, ¶¶ 1.1-1.5. The factual background is summarized in the Court's prior Order at ECF No. 40.

On April 7 and 8, 2020, Defendants USAA and CCC each filed motions to stay this case and compel Plaintiff to submit to an appraisal of her vehicle. ECF Nos. 24, 26. On June 2, 2020, the Court heard argument on these motions. ECF No. 39. On June 4, 2020, the Court partially granted Defendant USAA's motion, denied Defendant CCC's motion as moot, and ordered Plaintiff to submit to an appraisal during the normal course of discovery. ECF No. 40. On June 19, 2020, Plaintiff filed her first motion for reconsideration. ECF No. 42. The Court denied this motion. ECF No. 43.

On July 10, 2020, with permission of the Court, Plaintiff filed her first amended complaint. ECF No. 49. Plaintiff amended her complaint to narrow the causes of action to a violation of the Washington Consumer Protection Act ("CPA"), civil conspiracy, and declaratory and injunctive relief. ECF No. 49 at

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION ~ 2

17-21. The factual allegations remain substantively the same as those alleged in the original complaint. *Compare* ECF No. 1-2 *with* ECF No. 49. On July 21, 2020, Plaintiff filed the instant second motion for reconsideration, relying on the changes made to the causes of action in the amended complaint. *See* ECF No. 50.

## DISCUSSION

### A. Reconsideration Standard

The Court need not revisit the legal standard governing motions for reconsideration, which was discussed in the Order denying Plaintiff's first motion for reconsideration. *See* ECF No. 43.

### B. Arguments on Second Reconsideration

Plaintiff seeks second reconsideration on the grounds that the first amended complaint renders the appraisal moot. ECF No. 50 at 2. Plaintiff argues that her complaint "now focus exclusively on defendant USAA's calculated deductions." ECF No. 50 at 4. In doing so, Plaintiff argues that "[o]nly the illegal deductions from the ACV, which was used to formulate Defendants' settlement offer, is at issue now." ECF No. 50 at 5.

Defendants counter Plaintiff's argument on the grounds that appraisal remains necessary where Plaintiff's same factual allegations demonstrate an injury necessary to a CPA claim and standing. ECF No. 61 at 5-10; ECF No. 65 at 6-13.

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION ~ 3

The parties disagree about the underlying nature of this dispute.  Defendants characterize it as a valuation dispute regarding the actual cash value of Plaintiff's vehicle.  ECF No. 61 at 5; ECF No. 65 at 5.  Plaintiff frames it as a dispute over the legality of a condition adjustment deduction that affects vehicle valuation.  ECF No. 67 at 3.  Viewed either way, Plaintiff's alleged damage concerns the undervaluation of her vehicle.

*1. CPA Damages*

Defendants allege that Plaintiff's remaining CPA claim triggers appraisal.  ECF No. 61 at 5-9.  A CPA claim requires "(1) an unfair or deceptive practice, (2) in trade or commerce, (3) that affects the public interest, (4) which causes injury to the party in his or her business or property, and (5) which injury is causally linked to the unfair or deceptive act."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784-85 (1986).  Damage is integral to proving a CPA violation.

While this Court previously recognized that Plaintiff asserted regulatory violations outside of the four corners of the insurance contract (ECF No. 40 at 6), Plaintiff's vehicle value remains at issue.  In her amended complaint, Plaintiff continues to allege that the undervaluation "resulted in an underpayment of $793."  ECF No. 49 at 13, ¶ 4.37.  Plaintiff's argument is unclear and unpersuasive when she claims illegal actual cash value deductions do not affect the valuation of her

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION ~ 4

vehicle. ECF No. 50 at 5. Thus, where the valuation process continues to be challenged, an order compelling appraisal does not result in a clear error or manifest injustice.

*2. Standing*

Defendants also argue appraisal is necessary to evaluate Plaintiff's standing. ECF No. 61 at 9. Plaintiff only requests that if this Court finds that there is no standing, that the case be remanded back to state court. ECF No. 67 at 5-6. Under Article III of the Constitution, standing requires that a plaintiff have an injury-in-fact that is both "concrete and particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). As the Court finds that Plaintiff has pled a concrete and particularized injury in the undervaluation of her vehicle, standing is not dispositive for the purposes of this present motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Second Motion for Reconsideration (ECF No. 50) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** September 8, 2020.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION ~ 5